Skip to Main Content Logout My Account Search Menu Search Refine Search Back Location : All Courts Images

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2024-00045

Linda Childers, et. al., v. FedEx Ground Package System Inc, et. al. § § § § § §

Case Type: **Tort Auto**
Date Filed: **01/03/2024**
Location:
Judicial Officer: **Mathew, Francis J.**

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Doe, John** | |
| **Defendant** | **FedEx Ground Package System Inc** ***Doing Business As*** **Fedex Ground, a for-profit Delaware corporation** | |
| **Defendant** | **Khaldi, Zakaria** | |
| **Defendant** | **Rmp Express Inc** | |
| **Defendant** | **The New Mexico Department of Transportation** | |
| **Plaintiff** | **Childers, Linda** | **Randi McGinn**<br>*Retained*<br>505-843-6161(W)<br><br>Michael E. Sievers<br>*Retained*<br>505-843-6161(W) |
| **Plaintiff** | **Justin Kaufman** | **Randi McGinn**<br>*Retained*<br>505-843-6161(W) |

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 01/03/2024 | **Cause Of Actions** | Tort: Personal Injury Auto | |
| | Action Type | Action | |
| 01/03/2024 | **OPN: COMPLAINT** | | |
| | *Complaint for Wrongful Death and Loss of Consortium* | | |
| 01/03/2024 | **JURY DEMAND 6 PERSON** | | |
| | *Jury Demand 6 Person* | | |
| 01/04/2024 | **Summons** | | |
| | FedEx Ground Package System Inc | | Unserved |
| | Rmp Express Inc | | Unserved |
| | Khaldi, Zakaria | | Unserved |
| | The New Mexico Department of Transportation | | Unserved |
| 01/04/2024 | **Summons** | | |
| | FedEx Ground Package System Inc | | Unserved |
| | The New Mexico Department of Transportation | | Unserved |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Childers, Linda | | | |
| | Total Financial Assessment | | | 282.00 |
| | Total Payments and Credits | | | 282.00 |
| | **Balance Due as of 01/11/2024** | | | **0.00** |
| 01/04/2024 | Transaction Assessment | | | 282.00 |
| 01/04/2024 | File & Serve Payment | Receipt # SFED-2024-88 | Childers, Linda | (282.00) |

EXHIBIT 1

## Case Information

# Linda Childers, et. al., v. FedEx Ground Package System Inc, et. al.

D-101-CV-2024-00045

Location
Santa Fe County

Case Category
Civil

Case Type
Tort Auto

Case Filed Date
1/3/2024

Judge
Mathew, Francis J.

Case Status
Open (Pending, Jury Trial)

## Parties 9

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | Justin Kaufman | | Randi McGinn |
| Plaintiff | Linda Childers | | Michael E. Sievers, Randi McGinn |
| Defendant | FedEx Ground Package System Inc | | |
| Defendant | Rmp Express Inc | | |
| Defendant | The New Mexico Department of Transportation | | |
| Defendant | John Doe | | |
| Defendant | Zakaria Khaldi | | |
| Decedent | Mark Childers | | |
| Personal Representative | Justin Kaufman | | Randi McGinn |

## Events 4

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 1/3/2024 | Filing | JURY DEMAND 6 PERSON | Jury Demand 6 Person | Jury Demand 6 Person.tiff |
| 1/3/2024 | Filing | OPN: COMPLAINT | Complaint for Wrongful Death and Loss of Consortium | Complaint for Wrongful Death and Loss of Consortium.tiff |
| 1/4/2024 | Service | Summons | - | - |
| 1/4/2024 | Service | Summons | - | - |

## Financial Information

Party: -

Total Financial Assessment: $0.00

Total Payments and Credits: $0.00

**Balance Due: $0.00**

| Date | Transaction | Receipt # | Payment Made on Behalf Of | Amount |
|---|---|---|---|---|
| 1/4/2024 | Payment | | | $0.00 |
| 1/4/2024 | Charge | | | $0.00 |

© 2024 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.11.0.92

EMPOWERED BY TYLER TECHNOLOGIES

Sort
Oldest

Search Events
Event Type

Linda Childers, et. al.
D-101-CV-2024-00045

## Summons

| Service Status | Service Date | Service Method | Party Served |
|---|---|---|---|
| Not Served | | | FedEx Ground Package System Inc |
| Not Served | | | The New Mexico Department of Transportation |

## JURY DEMAND 6 PERS

Jury Demand 6 Person

File Date
1/3/2024

| Name | Description | Security Description | Pages |
|---|---|---|---|
| Jury Demand 6 Person.tiff | | E Filed Document | 2 |

## OPN: COMPLAINT

Complaint for Wrongful Death and Loss of Consortium

File Date
1/3/2024

| Name | Description | Security Description | Pages |
|---|---|---|---|
| Complaint for Wrongful Death and Loss of Consortium.tiff | | E Filed Document | 21 |

## Service

Date
1/4/2024

Service Type
Summons

## Service

Date
1/4/2024

Service Type
Summons

# Financial Information

Party: -

Total Financial Assessment: $0.00

Total Payments and Credits: $0.00

**Balance Due: $0.00**

| Date | Transaction | Receipt # | Payment Made on Behalf Of | Amount |
|---|---|---|---|---|
| 1/4/2024 | Charge | | | $0.00 |
| 1/4/2024 | Payment | | | $0.00 |

© 2024 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.11.0.92

EMPOWERED BY TYLER TECHNOLOGIES

Sort
Oldest

Search Events
Event Type

Linda Childers, et. al.
D-101-CV-2024-00045

## Summons

| Service Status | Service Date | Service Method | Party Served |
| --- | --- | --- | --- |
| Not Served | | | FedEx Ground Package System Inc |
| Not Served | | | Rmp Express Inc |
| Not Served | | | Zakaria Khaldi |
| Not Served | | | The New Mexico Department of Transportation |

## JURY DEMAND 6 PERS

Jury Demand 6 Person
File Date
1/3/2024

Name
Jury Demand 6 Person.tiff

## OPN: COMPLAINT

Complaint for Wrongful Death and Loss of Consortium
File Date
1/3/2024

| Name | Description | Security Description | Pages |
| --- | --- | --- | --- |
| Complaint for Wrongful Death and Loss of Consortium.tiff | | E Filed Document | 21 |

## Service

Date
1/4/2024

Service Type
Summons

## Service

Date
1/4/2024

Service Type
Summons

# Financial Information

Party: -

Total Financial Assessment: $0.00

Total Payments and Credits: $0.00

**Balance Due: $0.00**

| Date | Transaction | Receipt # | Payment Made on Behalf Of | Amount |
| --- | --- | --- | --- | --- |
| 1/4/2024 | Charge | | | $0.00 |
| 1/4/2024 | Payment | | | $0.00 |

© 2024 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.11.0.92

EMPOWERED BY TYLER TECHNOLOGIES

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
1/3/2024 3:59 PM
KATHLEEN VIGIL CLERK OF THE COURT
Natasha Garcia

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LINDA CHILDERS, individually, and
JUSTIN KAUFMAN, as personal representative
of the wrongful death estate of
MARK CHILDERS, deceased,

Plaintiffs,

v. No. D-101-CV-2024-00045
Case assigned to Mathew, Francis J.

FEDEX GROUND PACKAGE SYSTEM, INC.,
d/b/a FEDEX GROUND, a for-profit Delaware corporation;
RMP EXPRESS, INC., a for-profit North Carolina corporation;
ZAKARIA KHALDI; JOHN DOE; and
the NEW MEXICO DEPARTMENT OF TRANSPORTATION,

Defendants.

**COMPLAINT FOR WRONGFUL DEATH AND LOSS OF CONSORTIUM**

Plaintiffs, Linda Childers, and Justin Kaufman, as Personal Representative of the Wrongful Death Estate of Mark Childers, through their attorneys, 222 Injury Lawyers, PLLC (Tye Smith and Sheldon Smith), and MMLC, PA (Randi McGinn and Michael Sievers), for their Complaint against the above-named Defendants, state:

1. Plaintiff Justin Kaufman, Esq., is a resident and domiciliary of Santa Fe, Santa Fe County, New Mexico.

2. Mr. Kaufman has been duly appointed, pursuant to the New Mexico Wrongful Death Act, NMSA 1978, §§ 41-2-1 to 41-2-4, to serve as the Personal Representative of the Wrongful Death Estate of Mark Childers, who died on March 2, 2023, as the result of a crash in Luna County, New Mexico.

3. Plaintiff Linda Childers is a resident of Oklahoma City, Oklahoma.

4. Defendant **FedEx Ground Package System, Inc.**, d/b/a FedEx Ground **("FedEx")** is and was at all pertinent times a for-profit corporation organized under the laws of the State of Delaware with its principal place of business at 1000 FedEx Drive, Coraopolis, PA 15108.

5. FedEx is a for-hire interstate motor carrier of property, DOT number 265752, MC number MC179059.

6. FedEx routinely conducts business in New Mexico and operates commercial motor vehicles every day on public roads within New Mexico.

7. FedEx is registered to do business in New Mexico.

8. At all pertinent times, FedEx acted through its employees or agents, who were acting within the course and scope of their employment or agency, and FedEx is responsible for their acts and omissions through the doctrines of agency and/or *respondeat superior*.

9. FedEx is also directly liable for its own negligent, reckless, willful, wanton, or intentional actions and omissions.

10. FedEx may be served through its registered agent for service of process, Corporation Process Company, 726 E. Michigan, Ste. 330, Hobbs, NM 88240.

11. Alternatively, FedEx may be served through its BOC-3 agent, CT Corporation system, 206 S. Coronado Ave., Española, NM, 87532.

12. Defendant **RMP Express, Inc.** is and was at all pertinent times a for-profit corporation organized under the laws of the State of North Carolina with its principal place of business at 12526 Cumberland Cove Dr., Charlotte, NC 28273.

13. RMP Express is not a registered motor carrier and does not have operating authority as a motor carrier or to provide any other regulated transportation service.

14. At all pertinent times, RMP Express acted through its employees or agents, who were acting within the course and scope of their employment or agency, and RMP Express is responsible for their acts and omissions through the doctrines of agency and/or *respondeat superior*.

15. RMP Express is also directly liable for its own negligent, reckless, willful, wanton, or intentional actions and omissions.

16. RMP Express may be served through its registered agent for service of process, Rafael M Patsiyev, 1962 Faison Ave, Fort Mill, SC 29708.

17. Upon information and belief, **Mohammed Gotite**, deceased, was a resident and domiciliary of Raleigh, North Carolina.

18. Upon information and belief, Defendant **Zakaria Khaldi** is a resident and domiciliary of Raleigh, North Carolina.

19. Mr. Gotite and Defendant Khaldi held themselves out to be professional truck drivers with commercial driver's licenses ("CDL") and were required to comply with the standard of care for professional truck drivers.

20. At all pertinent times, Mr. Gotite and Defendant Khaldi were employees or agents of Defendants FedEx Ground and RMP Express and were acting within the course and scope of their agency or employment relationship with FedEx Ground and RMP Express.

21. At all pertinent times, FedEx, as the motor carrier under whose operating authority Mr. Gotite was driving on March 2, 2023, was a statutory employer of Mr. Gotite and Defendant Khaldi pursuant to NMAC 18.2.3.10 (incorporating into New Mexico state law, by reference, 49 C.F.R. §§ 390.5; 376.11; 376.12).

22. Defendant **New Mexico Department of Transportation ("NMDOT")** is a New Mexico governmental entity with its offices located at 1120 Cerrillos Road, Santa Fe, NM 87504.

23. NMDOT is responsible for providing and maintaining a safe transportation system for the traveling public within the boundaries of the State of New Mexico, including providing and maintaining safe interstate highways.

24. At all times pertinent, Defendant NMDOT was acting through its employees or agents, who were acting within the course and scope of their employment or agency, and NMDOT is responsible for their acts and omissions through the doctrines of agency or *respondeat superior*.

25. Sovereign immunity is waived for Plaintiff's claims against Defendant NMDOT under NMSA 1978, § 41-4-11(A) (2019).

26. A timely written notice of this claim was given to NMDOT pursuant to NMSA 1978, § 41-1-16(A).

27. Additionally, upon information and belief, NMDOT had actual notice of the facts and circumstances surrounding this claim.

28. **John Doe** is any individual whose identity and role in the events at issue in this Complaint may be discovered and who may be joined as a defendant at a later date.

29. The events giving rise to this Complaint occurred in Luna County, New Mexico.

30. This Court has personal jurisdiction over the named parties.

31. This Court has subject matter jurisdiction over this matter.

32. Venue is proper in this Court.

## FACTUAL BASIS

***Safety rules for trucking companies and their drivers***

33. Commercial tractor-trailers are much heavier and much larger than passenger cars or pickup trucks, weighing up to 80,000 pounds when loaded to capacity.

34. Because tractor-trailers are so large and heavy, a crash involving a commercial tractor-trailer is likely to cause severe injury and death, especially at highway speeds.

35. Companies in the business of commercial trucking know that a crash involving a tractor-trailer is likely to cause severe injury and death.

36. Driving a commercial motor vehicle, including a semi-tractor and semitrailer combination ("tractor-trailer"), requires specialized skills, training, and licensure to be done legally and safely.

37. Because of the specialized knowledge and skill required to safely drive a tractor-trailer and the harm that can result from improper driving of a tractor-trailer, a company in the business of transporting freight on public highways using tractor-trailers, such as FedEx, must permit only competent, qualified, and safe drivers to operate those vehicles.

38. A trucking company must use ordinary care in the hiring, training, supervision, and retention of drivers.

39. A trucking company must make sure its drivers follow the rules of the road that exist for the safety of everyone on the roadways.

40. A trucking company that provides over-the-road training and supervision for newer drivers has a duty under New Mexico law to permit only competent, qualified, and safe supervisors, trainers, or mentors to perform that supervision and training.

41. A trucking company must ensure its drivers are properly trained and supervised to avoid fatigued or distracted driving and to ensure proper adherence to the rules of the road that exist for the safety of all motorists.

42. A trucking company such as FedEx must, at a minimum:

a. have in place appropriate policies, procedures, and systems requiring safe driving and safe training practices;

b. train drivers, dispatchers, driver managers, and other employees on those policies;

c. enforce those policies; and

d. monitor driver behavior to make sure drivers comply with their duties to exercise ordinary care in driving a commercial motor vehicle.

43. A trucking company must monitor driver behavior and require safe driving practices as a condition of employment.

44. A trucking company must ensure its drivers, while driving on New Mexico highways, follow the laws of New Mexico.

45. A trucking company must make sure its drivers comply with all duties and safety regulations that pertain to drivers.

46. A trucking company must not allow a truck driver to use a handheld cell phone while driving.

47. The owner of a commercial motor vehicle has a duty to allow only competent, qualified, and safe drivers to operate the vehicle.

48. Because of the specialized knowledge and skill, and the increased risk of death and serious injury, involved in driving a tractor-trailer, a professional driver is required to exercise a greater amount of care than drivers of passenger vehicles.

49. A professional truck driver while driving on New Mexico highways is required to follow the laws of New Mexico.

50. Every driver has a duty under New Mexico law to exercise ordinary care, at all times while driving, to:

a. avoid a collision;

b. give his full time and entire attention to driving;

c. keep a proper lookout to avoid placing others in danger and to prevent a collision; and

d. maintain proper control of his or her vehicle to avoid placing others in danger and to prevent a collision.

51. Under New Mexico law, a driver must drive on the right half of the roadway within a single lane. NMSA 1978, §§ 66-7-308; 66-7-309; 66-7-317(A).

52. A professional truck driver has a duty under New Mexico law to use ordinary care, at all times while driving, to avoid a collision.

53. A professional truck driver driving a tractor-trailer on a New Mexico public highway is required to give his or her full time and entire attention to driving.

54. A professional truck driver driving a tractor-trailer on a New Mexico public highway is required to keep a proper lookout to avoid placing others in danger and to prevent a collision.

55. A professional truck driver is required under New Mexico law to maintain proper control of his or her tractor-trailer to avoid placing others in danger and to prevent a collision.

56. A professional truck driver driving a tractor-trailer on a New Mexico public highway is required to avoid distractions.

57. A professional truck driver driving a tractor-trailer on a New Mexico public highway may not use a handheld cell phone while driving.

58. Distracted driving is a well-known cause of crashes, resulting in injury, death, and property damage.

59. A driver distraction is anything that takes the professional driver's attention away from driving, including navigation devices and cell phones.

60. When a professional driver is driving a commercial motor vehicle and his or her full attention is not on the driving task, the driver creates a danger for him- or herself, occupants of other vehicles, and pedestrians.

61. Distracted driving kills thousands of people each year in the United States. The National Highway Traffic Safety Administration reported that 3,522 people died in 2021 alone in crashes involving at least one driver who was distracted.

62. Professional truck drivers are trained that just a half-second delay in their reaction time due to distraction doubles the risk of a crash.

***Road-Maintenance Standards***

63. NMDOT has a duty to exercise ordinary care in the maintenance of the highways in the State of New Mexico, including Highway 26.

64. NMDOT's duty of ordinary care requires the department to identify and reasonably respond to all potential hazards that might pose a risk of harm to drivers.

65. One such hazard is a highway where vehicles can cross into the opposite travel lanes and cause head-on collisions.

66. NMDOT is aware that collisions can and do occur in areas where there are no devices, such as centerline rumble strips, to alert a driver when he or she leaves the correct lane and crosses into opposing traffic.

67. Centerline rumble strips are a feasible means of reducing the probability that a vehicle will cross into the opposite travel lanes on an undivided highway.

***FedEx's was the employer of Mr. Gotite***

68. On the morning of March 2, 2023, Mr. Gotite was driving a 2021 Volvo semi-tractor pulling a loaded semitrailer westbound on New Mexico Highway 26 in Luna County, New Mexico.

69. Mr. Gotite had limited experience as an over-the-road truck driver and had not completed his time as a driver-in-training with FedEx.

70. Upon information and belief, Defendant RMP Express owned the Volvo tractor.

71. RMP Express entrusted Defendant FedEx and Mr. Gotite with the Volvo tractor for the purpose of engaging in a commercial trucking operation and with the knowledge that the tractor would be driven on public roads, including in the State of New Mexico.

72. The semi-tractor bore the name and DOT number (No. 265752) of Defendant FedEx.

73. Mr. Gotite was hauling a load of packages that FedEx had accepted under its motor carrier operating authority and bound itself to transport through a contract with a shipper, broker, or other entity.

74. The tractor-trailer combination weighed well in excess of 26,001 pounds.

75. Mr. Gotite received his paychecks as a driver from RMP Express, a company that did not have, and does not have, operating authority to provide regulated transportation services, including motor carrier services.

76. Defendant FedEx was the only entity involved in transporting the shipment that had operating authority as a motor carrier.

77. Defendant FedEx arranged for the transportation of packages by Mr. Gotite through a contract with RMP Express.

78. Defendant FedEx paid RMP Express for loads hauled by Mr. Gotite, and RMP Express in turn paid Mr. Gotite for his work as the driver.

79. Defendant FedEx exercised extensive and significant control over drivers such as Mr. Gotite, despite the parties' attempt to characterize the relationship between the entities as that of an "independent contractor" relationship.

80. As the motor carrier, FedEx had nondelegable duties to the public to ensure the drivers it used were safe and competent.

81. FedEx was the statutory employer of Mr. Gotite as a matter of law.

82. Upon information and belief, Defendant Khaldi was responsible for training and supervising Mr. Gotite on behalf of FedEx.

***<u>Defendants' negligent and reckless conduct caused a deadly crash.</u>***

83. Defendants had not properly trained Mr. Gotite or otherwise ensured he was competent to drive a commercial tractor-trailer on a public highway.

84. Defendants had not ensured Defendant Khaldi was qualified and capable of providing adequate training and supervision to Mr. Gotite.

85. As Mr. Gotite drove west on Highway 26 from Hatch, New Mexico, he became inattentive, fatigued, distracted, or fell asleep.

86. Upon information and belief, Gotite was using a handheld cell phone while driving.

87. Mr. Gotite drifted over the centerline of Highway 26.

88. Because there were no centerline rumble strips on Highway 26, Mr. Gotite was not alerted to the fact that he was drifting over the centerline.

89. At approximately mile marker 26, as Mr. Gotite was drifting over the centerline, Plaintiff's decedent, Mark Childers, was driving east in a different semi-truck.

90. Mr. Childers was driving within his lane.

91. Mr. Childers had a right to expect that drivers going the opposite direction would stay within their lane.

92. The semi-truck driven by Mr. Gotite moved over the centerline and into Mr. Childers' lane.

93. Mr. Childers did not have sufficient time to swerve or brake and had no reasonable opportunity to avoid a crash.

94. The FedEx truck slammed headfirst into the semitruck driven by Mr. Childers, with both semi-trucks being driven at highway speeds.

95. Mr. Gotite's actions and omissions, including driving while distracted or fatigued, not maintaining his lane, and driving onto the wrong side of the road, caused the catastrophic crash.

96. Mr. Childers died as a direct result of the crash.

## COUNT I

## DIRECT NEGLIGENCE, INCLUDING NEGLIGENT HIRING, TRAINING, AND SUPERVISION BY DEFENDANT FEDEX

All previous paragraphs incorporated herein by reference.

97. Defendant FedEx hired Mr. Gotite to drive a commercial motor vehicle as its employee.

98. Alternatively, Defendant FedEx employed Mr. Gotite as his statutory employer pursuant to 49 C.F.R. §§ 390.5; 376.11; and 376.12 (incorporated into New Mexico law pursuant to NMAC 18.2.3.10).

99. Defendant FedEx, as the employer of a semi-truck driver, was required to hire drivers who were adequately trained, skilled, experienced, and safe.

100. As the motor carrier and statutory employer, Defendant FedEx had a nondelegable duty to be completely responsible for the operation of the semi-truck Mr. Gotite was driving on March 2, 2023.

101. Defendant FedEx negligently, wantonly, recklessly, willfully, or intentionally violated its duty to use ordinary care in the hiring, training, supervising, and retaining of Mr. Gotite by, including, but not limited to, the following acts and omissions:

a. Allowing or requiring Mr. Gotite to drive without being properly trained or supervised;

b. Allowing or requiring Mr. Gotite to drive a tractor-trailer on a public highway without having sufficient skill, training, and knowledge to drive safely;

c. Allowing or requiring Mr. Gotite to drive while too fatigued to drive safely;

d. Allowing or requiring Mr. Gotite to while distracted;

e. Allowing or requiring Mr. Gotite to drive while using a handheld cell phone; and

f. Choosing not to provide appropriate training to Defendant Khaldi for his role as a driver trainer, first-seat driver, or driver mentor.

102. As a direct and proximate result of the negligent, wanton, reckless, willful, or intentional acts and omissions by Defendant FedEx, Mark Childers was killed and Linda Childers suffered damages, including loss of consortium.

103. Because the negligent, reckless, willful, wanton, or intentional conduct of Defendant FedEx caused or contributed to cause Mark Childers' death, Defendant FedEx is liable to Mr. Childers' Wrongful Death Estate for those damages recognized under the law, including his pain and suffering, lost value of life, lost earnings and lost earning capacity, lost household services, funeral expenses, aggravating circumstances, pre- and post-judgment interest, and other relief as deemed appropriate by the Court.

104. Defendant FedEx is liable to Plaintiff Linda Childers for her loss of consortium and emotional distress.

105. The reckless, willful, or wanton conduct by Defendant FedEx merits an award of punitive damages.

## COUNT II

## VICARIOUS LIABILITY OF DEFENDANT FEDEX FOR THE NEGLIGENCE BY MR. GOTITE AND DEFENDANT KHALDI

All previous paragraphs incorporated herein by reference.

106. Mr. Gotite had a duty to exercise ordinary care while driving a commercial motor vehicle.

107. Mr. Gotite had additional duties of care as a truck driver, as provided by the state and federal rules and regulations governing commercial motor vehicle drivers, together with the Commercial Driver's License Manual, which inform the standard of care for professional truck drivers.

108. Mr. Gotite intentionally willfully, recklessly, or negligently breached his duty of care by his actions and omissions, including, but not limited to:

a. Not paying attention and remaining alert while driving;

b. Driving while fatigued;

c. Driving while distracted;

d. Failing to control the truck; and/or

e. Allowing the truck to cross the centerline of a highway and into oncoming traffic.

109. Defendant Khaldi had a duty to exercise ordinary care in his role as a driver-trainer or team driver.

110. Defendant Khaldi intentionally, willfully, recklessly, or negligently breached his duty of care by his actions and omissions, including, but not limited to allowing Mr. Gotite to drive while distracted or fatigued, allowing Mr. Gotite to drive by himself when he was not sufficiently trained or experienced to drive safely, and not properly instructing Mr. Gotite on how to drive safely.

111. As a direct and proximate result of the negligent, wanton, reckless, willful, or intentional acts and omissions by Mr. Gotite and Defendant Khaldi, Mark Childers was killed and Linda Childers suffered damages, including loss of consortium.

112. Defendant FedEx, as Mr. Gotite and Defendant Khaldi's principal, statutory employer, and/or actual employer, is vicariously liable for their actions and omissions pursuant to the doctrines of *respondeat superior* and/or agency.

113. Defendant FedEx, as Mr. Gotite and Defendant Khaldi's principal, statutory employer, and/or actual employer, is liable to Mr. Childers' Wrongful Death Estate for those damages recognized under the law, including his pain and suffering, lost value of life, lost earnings

and lost earning capacity, lost household services, funeral expenses, aggravating circumstances, pre- and post-judgment interest, and other relief as deemed appropriate by the Court.

114. Defendant FedEx, as Mr. Gotite and Defendant Khaldi's principal, statutory employer, and/or actual employer, is liable to Plaintiff Linda Childers for her loss of consortium and emotional distress caused by Defendants' negligence.

115. Defendant RMP Express, as Mr. Gotite and Defendant Khaldi's principal and/or employer, is vicariously liable for the damages caused by their actions and omissions pursuant to the doctrines of *respondeat superior* and/or agency.

116. The reckless, willful, or wanton conduct by Defendant Khaldi merits an award of punitive damages.

## COUNT III

## VICARIOUS LIABILITY OF DEFENDANT FEDEX FOR THE NEGLIGENCE *PER SE* BY MR. GOTITE

All previous paragraphs incorporated herein by reference.

117. At the time of the crash, Mr. Gotite negligently, wantonly, recklessly, willfully, or intentionally operated the FedEx commercial truck in violation of one or more of the following state laws:

a. NMSA 1978, § 66-7-308;

b. NMSA 1978, § 66-7-309;

c. NMSA 1978, § 66-7-317(A);

d. NMSA 1978, § 66-8-114(A) (1978);

e. NMSA 1978, § 66-8-113(A) (1987); and

f. 18.2.3.12 NMAC (incorporating 49 C.F.R. § 392).

118. Plaintiffs and Plaintiff's decedent Mark Childers were in the class of people sought to be protected by the laws and regulations governing the safe operation of commercial motor vehicles on public highways.

119. Mark Childers' death and Plaintiffs' injuries and damages were the type of injury the New Mexico Legislature and the New Mexico Department of Public Safety sought to prevent through statutes and regulations governing the operation of motor vehicles.

120. Mr. Gotite's acts and omissions constitute negligence *per se*.

121. Mr. Gotite's negligence *per se* contributed to cause Mark Childers' death and the injuries suffered by Plaintiffs.

122. Defendant FedEx, as Mr. Gotite's principal, statutory employer, and/or actual employer, is vicariously liable for his actions and omissions pursuant to the doctrines of *respondeat superior* and/or agency.

123. Defendant FedEx, as Mr. Gotite's principal, statutory employer, is liable to Mark Childers' Wrongful Death Estate for those damages caused by his negligence *per se* and recognized under the law, including his pain and suffering, lost value of life, lost earnings and lost earning capacity, lost household services, funeral expenses, aggravating circumstances, pre- and post-judgment interest, and other relief as deemed appropriate by the Court.

124. Defendant FedEx, as Mr. Gotite's principal, statutory employer, is liable to Plaintiff Linda Childers for her loss of consortium and emotional distress caused by his negligence *per se*.

125. Defendant RMP Express, as Mr. Gotite's principal and/or employer, is vicariously liable for his actions and omissions pursuant to the doctrines of *respondeat superior* and/or agency.

**COUNT IV**

***RES IPSA LOQUITUR***

All previous paragraphs are incorporated herein by reference.

126. The crash on March 2, 2023, was caused by a semi-truck crossing the centerline of Highway 26 and into the opposite lanes of traffic.

127. It was the responsibility of Defendants FedEx and Khaldi and Mr. Gotite to manage and control the semi-truck.

128. The crash on March 2, 2023, is of a kind that does not ordinarily occur in the absence of negligence on the part of the people responsible for managing and controlling a semi-truck.

129. It may therefore be inferred that these Defendants' negligence contributed to cause the crash, the resulting death of Mark Childers, and Linda Childers' loss of consortium.

**COUNT V**

**NEGLIGENCE BY RMP EXPRESS, INC.**

All previous paragraphs incorporated herein by reference.

130. Upon information and belief, Defendant RMP Express undertook certain duties regarding the management, dispatching, and supervision of Mr. Gotite and Defendant Khaldi.

131. Defendant RMP had a duty to exercise ordinary care in the management, dispatching, and supervision of Mr. Gotite and Defendant Khaldi.

132. Defendant RMP violated its duty of care through its acts and omissions, including, but not limited to its decision to allow Mr. Gotite to drive while fatigued or distracted and to drive without adequate supervision given his insufficient training and experience as a truck driver.

133. As a direct and proximate result of the negligent, wanton, reckless, willful, or intentional acts and omissions by Defendant RMP Express, Mark Childers was killed and Linda Childers suffered damages, including loss of consortium.

134. Because the negligent, reckless, willful, wanton, or intentional conduct of Defendant RMP Express caused or contributed to cause Mark Childers' death, Defendant RMP Express is liable to Mr. Childers' Wrongful Death Estate for those damages recognized under the law, including his pain and suffering, lost value of life, lost earnings and lost earning capacity, lost household services, funeral expenses, aggravating circumstances, pre- and post-judgment interest, and other relief as deemed appropriate by the Court.

135. Defendant RMP Express is liable to Plaintiff Linda Childers for her loss of consortium and emotional distress.

136. The reckless, willful, or wanton conduct by Defendant RMP Express merits an award of punitive damages.

**COUNT VI**

**NEGLIGENT ENTRUSTMENT BY RMP EXPRESS**

All previous paragraphs are incorporated herein by reference.

137. Upon information and belief, RMP Express was the owner of the Volvo tractor Mr. Gotite was driving at the time of the crash.

138. Defendant RMP permitted Mr. Gotite to drive the Volvo tractor.

139. Defendant RMP permitted Defendant Khaldi to supervise and/or train Mr. Gotite while Mr. Gotite was driving the Volvo tractor.

140. Defendant RMP knew or should have known Mr. Gotite and/or Defendant Khaldi was likely to use the Volvo tractor in such a manner as to create an unreasonable risk of harm to others.

141. Mr. Gotite and Defendant Khaldi were negligent in operating the Volvo tractor.

142. The negligence of Mr. Gotite and Defendants RMP and Khaldi was a cause of injury to Plaintiffs.

143. As a direct and proximate result of Defendant RMP's negligent entrustment of the Volvo tractor, Plaintiff suffered the injuries and damages described in Count I above, and Defendant RMP is liable for those damages.

144. The reckless, willful, wanton, or intentional violations of rules and standards by Defendant RMP merit an award of punitive damages.

## COUNT VII

## NEGLIGENT MAINTENANCE OF A HIGHWAY BY DEFENDANT NEW MEXICO DEPARTMENT OF TRANSPORTATION

All previous paragraphs incorporated herein by reference.

145. At all times pertinent hereto, Defendant NMDOT, through its employees or agents, was responsible for safely maintaining the portion of Highway 26 where the crash occurred, at approximately mile marker 26.

146. Defendant NMDOT, through its employees or agents, had a duty to ensure that Highway 26 was properly maintained so as not to pose an unnecessary risk of harm to occupants of vehicles on the road.

147. Defendant NMDOT breached its duty of care through one or more of the following acts or omissions:

a. Choosing not to spend the time, money, or energy necessary to identify potential hazards facing motorists on this portion of the highway;

b. Choosing not to take action to prevent crossover crashes on Highway 26; and

c. Choosing not to install center line rumble strips to prevent vehicles from crossing over the center line.

148. As a direct and proximate result of Defendant NMDOT's negligent acts or omissions, Mark Childers was killed, resulting in the wrongful death damages described above, and Linda Childers suffered damages, including loss of consortium.

**COUNT VIII**

**LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS**

All previous paragraphs incorporated herein by reference.

149. Plaintiff Linda Childers was married to Mark Childers and shared a close and loving relationship with him.

150. Plaintiff Linda Childers resided with Mark Childers at the time of the crash and shared a mutually dependent relationship with Mark Childers at the time of the crash.

151. It was reasonably foreseeable that Plaintiff Linda Childers would be injured by negligent, willful, reckless, wanton, or intentional acts or omissions of any Defendants that resulted in the death of Mark Childers.

152. The acts and omissions of Defendants were negligent, wanton, willful, and/or reckless and caused Plaintiff's loss of consortium.

153. Defendants are liable for damages to Plaintiff for her loss of consortium.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request that a judgment be entered against Defendants for compensatory damages in an amount to be proven at trial, including wrongful death damages;

aggravating circumstances; personal injury damages, punitive damages; pre-judgment and post-judgment interest; attorneys' fees; expenses and costs of suit; and such other relief as the Court deems just and proper.

Respectfully submitted by:

McGinn Montoya Love & Curry

*/s/ Randi McGinn*
Randi McGinn
Michael Sievers
201 Broadway Blvd. SE
Albuquerque, NM 87102
p: (505) 843-6161
f: (505) 242-8227
Randi@McGinnLaw.com
Mike@McGinnLaw.com

- and -

Tye Smith
Sheldon Smith
222 Injury Lawyers, PLLC
1217 E 33rd St.
Tulsa, OK 74105
p: (918) 528-0222
f: (539) 664-9589
lit@222injury.com
*Pro hac vice application pending.*

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
1/3/2024 3:59 PM
KATHLEEN VIGIL CLERK OF THE COURT
Natasha Garcia

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LINDA CHILDERS, individually, and
JUSTIN KAUFMAN, as personal representative
of the wrongful death estate of
MARK CHILDERS, deceased,

Plaintiffs,

v. No. D-101-CV-2024-00045

FEDEX GROUND PACKAGE SYSTEM, INC.,
d/b/a FEDEX GROUND, a for-profit Delaware corporation;
RMP EXPRESS, INC., a for-profit North Carolina corporation;
ZAKARIA KHALDI; JOHN DOE; and
the NEW MEXICO DEPARTMENT OF TRANSPORTATION,

Defendants.

**JURY DEMAND**

Plaintiffs, by and through their counsel of record, MMLC, PA, request a trial by a six-person jury in the above cause and hereby make a $150 deposit, pursuant to Rule 1-038(C).

Date: January 3rd, 2024

Respectfully submitted by:

McGinn Montoya Love & Curry

*/s/ Randi McGinn*
Randi McGinn
Michael Sievers
201 Broadway Blvd. SE
Albuquerque, NM 87102
p: (505) 843-6161
f: (505) 242-8227
Randi@McGinnLaw.com
Mike@McGinnLaw.com

- and -

Tye Smith
Sheldon Smith
222 Injury Lawyers, PLLC
1217 E 33rd St.
Tulsa, OK 74105
p: (918) 528-0222
f: (539) 664-9589
lit@222injury.com
*Pro hac vice application pending.*

***Attorneys for Plaintiffs***